Robert Linley KYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35372.

Court of Criminal Appeals of Texas.

March 6, 1963.

Jesse Owens, Vernon, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for fondling; the punishment, five years.

The testimony of the state reveals that the appellant knocked on the rear door of the home of the prosecuting witness, a female, who was at the time ten years of age and alone in the home, and appellant asked if her father was at home. When she told him that her father and mother had gone to the bank, he asked if there was any coffee and she said "yes", then he entered, poured a cup of coffee, took a drink, and began playing with her "tee-tee" by placing his hands between her legs inside her pants. After a short time he left but soon returned. When she told him that her mother and father had not returned he again entered the house, poured a cup of coffee and moved near her saying, "Why don't you spread your legs apart?" She refused and he spread her legs apart, pulled her panties down to one side and began sucking her "tee-tee" between her legs. When she put her legs together, pulled her dress down, he raised her dress and did the same thing again. Appellant said to her "lets put yours and mine together" took his "thing" out and put it inside her panties, then as he removed it he told her to watch it shoot and the discharge went into an ash tray. At this time he gave her a "dollar bill" and told her not to tell her parents.

Proof was offered that an analysis by a chemist of the matter in the ash tray showed that it contained male spermatazoa.

The appellant did not testify but called three witnesses who testified that he bore a good reputation and had never been convicted of a felony.

Appellant complains of the admission in evidence of statements made by the girl to her mother.

The evidence reveals that the girl was crying when she told her mother what had happened, on the mother's return from the bank shortly after the appellant had left the house. The statements were admissible as res gestae. However, no objections were made at the time of the admission of such statements.

It is contended that the trial court erred in sustaining the objection to and also instructing the jury not to consider that portion of the argument of appellant's counsel when he argued:

"I do not know that the little girl told the truth but if what she said is true, then I will say that I cannot conceive of a normal human being doing such a thing and if this defendant did what she said he did, there is something wrong with him, he needs to see a psychiatrist for psychiatric treatment * * *."

■ The defense of insanity was not interposed and the argument was upon an issue not before the jury. No reversible error is presented. Tolbert v. State, 157 Tex.Cr.R. 101, 246 S.W.2d 896.

The other contentions presented have been examined and they do not reveal error.

The judgment is affirmed.

Opinion approved by the Court.